HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BODY RECOVERY CLINIC LLC,

          Plaintiff,

     v.

CONCENTRA, INC., et al.,

          Defendants.

CASE NO. C13-1363RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion from Plaintiff Body Recovery Clinic LLC (the "Clinic") to remand this action to King County Superior Court.  No party requested oral argument, and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motion to remand (Dkt. # 9) and directs the clerk to REMAND this action to King County Superior Court.

## II.  BACKGROUND

The court first reviews the allegations of the Clinic's complaint, suggesting no opinion on the truth of those allegations.

The Clinic provides acupuncture and massage services to Washington residents. Some of its customers are people who have suffered injuries in car accidents.  Some of them, in turn, carry personal injury protection ("PIP") coverage in car insurance policies from insurers affiliated with two insurance companies, who the court will refer to for

ORDER – 1

purposes of this motion as Safeco and USAA.  Those policies, according to the Clinic, obligate the insurers to pay all reasonable and necessary medical expenses arising out of a covered accident.  Typically, the insurers pay the Clinic directly for covered services to their insureds.  The insureds formally or informally assign their rights to recover to the Clinic.

For a period of more than two years (in Safeco's case) and about nine months (in USAA's case), the insurance companies used Auto Injury Solutions, Inc. ("AIS") to process PIP claims not only from customers of the Clinic, but from all Washington health care providers who served their PIP insureds.  AIS used an "Ingenix" database to evaluate those claims.  The Ingenix database compared the Clinic's charges for covered services with other providers' charges and flagged charges that were above the 85th percentile (in Safeco's case) or the 80th percentile (in USAA's case) of all providers' charges in the geographic area.  The insurance companies then paid the Clinic at the reduced rate corresponding to the 85th or 80th percentile.

The Clinic sued in King County Superior Court, naming as Defendants only AIS and Concentra, Inc., which is allegedly AIS's parent company.  AIS and Concentra contend that the Clinic erred in assessing their corporate structure, but they do not contend that error is material to the motion before the court.  AIS and Concentra both concede that they are not domiciled in Washington.  For simplicity, the court will refer to AIS as the sole Defendant.

The Clinic raises three causes of action: one asserts that AIS violated the Washington Consumer Protection Act; one asserts that AIS was part of a civil conspiracy with USAA and Safeco to violate Washington insurance laws; and one asserts that AIS was unjustly enriched.  All of those causes of action arise solely under Washington law. The Clinic hopes to pursue these claims not only on its own behalf, but on behalf of a class of similarly-situated Washington healthcare providers.

ORDER – 2

AIS timely removed the action to this court.  It asserted only traditional diversity jurisdiction as a basis for removal; it claimed that the Clinic and it were of diverse citizenship and that the amount in controversy between them exceeds $75,000.  28 U.S.C. § 1332(a).  AIS did not invoke the removal provisions of the Class Action Fairness Act. 28 U.S.C. § 1332(d) (permitting removal of certain class actions in which the total amount in controversy exceeds $5,000,000).

The Clinic has moved to remand.  The sole factual dispute that the motion raises is whether the amount in controversy exceeds $75,000.  The court now considers the motion.

### III.   ANALYSIS

Federal law generally permits a defendant to remove a state court action that could have been brought in federal court.  28 U.S.C. § 1441(a).  There is, however, a strong presumption against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**A.**   **The Complaint Does Not Allege that the Amount in Controversy Exceeds $75,000 and AIS Has No Evidence Proving an Amount Exceeding $75,000.**

Depending on the allegations of a plaintiff's complaint, different evidentiary standards apply to a motion to remand that challenges the amount in controversy.  Where the complaint explicitly states damages that exceed $75,000, the court presumes that it has jurisdiction "unless it appears to a legal certainty that the plaintiff cannot actually recover that amount."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation omitted).  Where the complaint expressly states damages that are less than $75,000, the party advocating for removal must prove to a legal certainty that the damages exceed the jurisdictional minimum.  *Id.*  If the complaint is "unclear or ambiguous" as to the amount in controversy, the removing defendant must prove by a preponderance of evidence that the amount in controversy is more than $75,000.  *Id.; see also Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[W]e expressly

ORDER – 3

contemplate the district court's consideration of some evidentiary record."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (endorsing consideration of "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy") (internal quotation omitted).

AIS offers no evidence of the amount in controversy.  It can succeed in opposing removal, therefore, only if it can show that the complaint explicitly pleads damages in excess of $75,000 and that the Clinic cannot show to a legal certainty that its damages are below that amount.

AIS relies wholly on Plaintiffs' allegations with respect to their claim of unjust enrichment.  AIS does not claim, for example, that the amount by which the Clinic's payments were reduced as a result of AIS's Ingenix-based claims evaluation exceeds $75,000, even accounting for the limited treble-damages provision of the CPA or the availability of attorney fees under that statute.  *See* RCW 19.86.090.  Instead, AIS notes that the complaint alleges that AIS was unjustly enriched by $200,000 when Safeco and USAA paid it for using Ingenix to recommend smaller payments to the Clinic and other healthcare providers.  *E.g.*, Compl. ¶ 126 ("The fees paid to Concentra/AIS are estimated to be $200,000 for the bill lines and bills reviewed and reduced [during the proposed class period."), ¶ 144 ("The total amount of money paid to Concentra/AIS for the reductions at issue is estimated to be $200,000.").  Although AIS acknowledges that the Clinic does not claim that the amount AIS was paid for recommending smaller payments *to the Clinic* is $200,000 or even in excess of $75,000, it contends that the Clinic, like every other healthcare provider impacted by AIS's allegedly unlawful practice, has an indivisible claim to disgorgement of the full $200,000.

In general, a removing defendant may not aggregate the claims of multiple plaintiffs or class members to satisfy the amount-in-controversy requirement.  *Zahn v.*

ORDER – 4

*Int'l Paper Co.*, 414 U.S. 291, 294 (1973); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir. 2001). If, however, numerous plaintiffs "unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." *Gibson*, 261 F.3d at 943 (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 32, 40-41 (1911)).

There is no plausible argument that the Clinic asserts an unjust enrichment claim worth $200,000; indeed, there is no plausible argument that the Clinic could assert such a claim. The complaint itself is unambiguous in stating that $200,000 comprises the total fees that Safeco and USAA paid AIS for bills from all Washington healthcare providers for which it recommended smaller payments. ¶ 126. AIS amassed that $200,000 on a "per line and/or per bill basis." *Id.* The Clinic's only plausible claim to unjust enrichment is for the "per line" or "per bill" fees that the insurers paid AIS for recommending reductions to the Clinic's bills. Nothing in the complaint suggests that those fees amount to $75,000, and AIS has no evidence supporting that assertion.

All authority of which the court is aware, including the authority that AIS cites, supports the conclusion that the $200,000 by which AIS was unjustly enriched is not a common and undivided interest. In *Gibson*, the court declined to aggregate the disgorgement claims of plaintiffs who claimed an automaker was unjustly enriched by the amount it charged for a defective painting process. 261 F.3d at 944. It noted that the aggregate amount of unjust enrichment could "be traced to particular transactions involving individual plaintiffs, each of whom can sue Chrysler for disgorgement of this per-vehicle profit." *Id.* In *McCauley v. Ford Motor Co.*, 264 F.3d 952, 961 (9th Cir. 2001), the court reached the same conclusion as to disgorgement claims brought by credit cardholders wrongly deprived of promised rebates. AIS attempts to distinguish those cases by arguing that the plaintiffs in each of them were directly deprived of the sums by which the defendant was unjustly enriched, whereas in this case the healthcare providers

ORDER – 5

were not directly deprived of the fees that the insurers paid to AIS.  This is a distinction, but not a meaningful difference.  What matters is whether the aggregate unjust enrichment "can be traced to particular transactions involving individual plaintiffs, each of whom can sue . . . for disgorgement of this per-[transaction] profit." *Gibson*, 261 F.3d at 944.  As long as it is possible for each plaintiff to bring an unjust enrichment claim, the aggregate value of those claims is immaterial in determining the amount in controversy. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 860-61 (9th Cir. 2001).  In this case, every potential plaintiff or class member could bring the same claim as the Clinic: a claim that AIS was unjustly enriched by the amount it charged the insurers for using Ingenix to recommend bill reductions *to that plaintiff or class member*.  Or, put another way, no individual plaintiff could plausibly seek recovery of the aggregate amount of unjust enrichment to AIS.  *See Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (noting that unjust enrichment requires a benefit to the defendant incurred at the plaintiff's expense).

**B.**     **The Court Declines to Award Attorney Fees to the Clinic.**

When a court remands an improperly removed action, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  In general, a court should award attorney fees under this provision "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although it is a close question, the court ultimately cannot conclude that AIS lacked any objectively reasonable basis for seeking removal.  Plaintiffs could have pleaded their unjust enrichment claim without reference to its aggregate value, thereby eliminating any debate about the amount in controversy.  The court concludes, as stated above, that Ninth Circuit precedent squarely forecloses AIS's claim for aggregation in this case.  Still, AIS cites district court precedent favoring its position, albeit from district courts outside the Ninth Circuit.  The Ninth Circuit acknowledges that the distinction

ORDER – 6

between "separate and distinct claims which cannot be aggregated, and common and undivided claims which can, is not always crystal-clear."  *Gibson*, 261 F.3d at 944 (internal quotations omitted).  Although the court finds a clear answer in this case, it does not find that AIS lacked all reasonable basis to believe otherwise.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS Plaintiffs' motion to remand.  Dkt. # 9.  The clerk shall remand this case to King County Superior Court.

DATED this 19th day of February, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7